**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 29, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

IGNACIO GONZALEZ-RAMIREZ,
a/k/a Juan Computadores,

     Defendant-Appellant.

No. 13-1404
(D.C. No. 1:12-CR-00495-REB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **ANDERSON** and **BRORBY**, Senior Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is,

therefore, submitted without oral argument.

Ignacio Gonzalez-Ramirez pleaded guilty to two fraud charges in the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

United States District Court for the District of Colorado. The district court determined that the applicable Guidelines range for each count was 15-21 months' imprisonment, and sentenced him to concurrent terms of 21 months in prison. Gonzalez-Ramirez appeals the substantive reasonableness of his sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and affirm.

## I

Gonzalez-Ramirez was arrested for selling driver's licenses, permanent resident cards, and social security cards—all counterfeit. A search of Gonzalez-Ramirez's residence revealed evidence that he manufactured such documents. During an interview with government agents, after he was advised of his Miranda rights in Spanish and he waived his rights, Gonzalez-Ramirez admitted that he sold between 80 and 90 sets of counterfeit identification documents in the preceding eight months.

Gonzalez-Ramirez pleaded guilty to two offenses: (1) fraud and related activity in connection with identification documents, authentication features, and information, in violation of 18 U.S.C. § 1028(a)(2); and (2) fraud and misuse of visas, permits, and other documents, in violation of 18 U.S.C. § 1546(a). The district court determined that the applicable Guidelines range for each count was 15-21 months' imprisonment.

At the sentencing hearing, the district court explained that it "consider[ed] independently and carefully the discrete sentencing factors and needs at the

familiar 18 U.S.C. Section 3553(a)(1) through (7) and ma[d]e an individualized assessment based on the facts presented." R. Vol. III at 48. The court began by emphasizing the seriousness of the offenses Gonzalez-Ramirez committed. They contribute to the scourge of identity theft and misuse of identity documents, which exact "incalculable" social costs. Id. at 49. Moreover, the evidence indicated that Gonzalez-Ramirez would have continued manufacturing counterfeit documents if not for his arrest. Referring to the factors in 18 U.S.C. § 3553(a)(2), the court acknowledged the need for the sentence imposed to reflect the seriousness of the crimes, promote respect for the law, afford meaningful deterrence to criminal conduct, and protect the public.

As for Gonzalez-Ramirez's personal background, the court observed that he is modestly educated, that he comes from a family and an upbringing evincing "no evidence of chaos, dysfunction, or abuse," and that he is father to six children. R. Vol. III at 49. He had supplied "no outstanding contributions to his community." Id. In addition, the court concluded that, in all probability, Gonzalez-Ramirez would be deported after his release (as he had been on two previous occasions), thereby eliminating the utility of supervised release or mandated drug testing.

Finally, after concluding, "albeit reluctantly, that these sentences should be imposed concurrently," the court decided to impose concurrent sentences of 21 months' imprisonment. Id. at 49-50. No fine was imposed because the court

determined that Gonzalez-Ramirez would be financially unable to pay one.

## II

Gonzalez-Ramirez raises one issue on appeal. He contends that his 21-month sentence is substantively unreasonable.

"[S]entences are reviewed under an abuse of discretion standard for . . . substantive reasonableness." United States v. Gordon, 710 F.3d 1124, 1160 (10th Cir. 2013) (alteration in original) (internal quotation marks omitted). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Damato, 672 F.3d 832, 838 (10th Cir. 2012) (internal quotation marks omitted).

"When crafting a sentence, the district court must be guided by the 'parsimony principle'—that the sentence be sufficient, but not greater than necessary, to comply with the purposes of criminal punishment, as expressed in § 3553(a)(2)." United States v. Martinez-Barragan, 545 F.3d 894, 904 (10th Cir. 2008) (internal quotation marks omitted). "In any given case there could be a range of reasonable sentences that includes sentences both within and outside the Guidelines range." Id. (alteration omitted) (internal quotation marks omitted). "[W]e presume a sentence within the correctly-calculated Guidelines range is reasonable." Id. at 905. Gonzalez-Ramirez "can rebut the presumptive reasonableness of his sentence by demonstrating its unreasonableness in light of the § 3553(a) factors." Id.

4

Gonzalez-Ramirez raises five arguments: (1) the court ignored the need to afford adequate deterrence; (2) the court ignored the need to protect the public from further crimes by Gonzalez-Ramirez; (3) the court ignored the need to provide Gonzalez-Ramirez with "needed education or vocational training or other correctional treatment," Aplt. Br. at 6; (4) the court "glossed over the fact that . . . he has been successfully parenting six boys," id. at 5; and (5) the "court's sentence was tainted by its personal views on marriage and the family," id. at 6.

On the first two arguments, the record is clear that the district court considered both factors, and on more than one occasion. On the third argument, the court reasonably concluded that Gonzalez-Ramirez's probable deportation eliminated the utility of any post-release programs.

Gonzalez-Ramirez's fourth argument appears to fault the court for being, as the government put it, "not much moved" by evidence concerning Gonzalez-Ramirez's merits as a father. See Aplee. Br. at 6. We discern no error in the court's conclusion that Gonzalez-Ramirez's crimes and the interests of the public outweigh his contributions to his family or to his girlfriend's family.

Finally, Gonzalez-Ramirez bluntly accuses the district court of bias: "The district court's sentence was tainted by its personal views on marriage and the family." Aplt. Br. at 6. At the sentencing hearing, defense counsel brought up a letter written by Gonzalez-Ramirez's girlfriend (not his wife), which extolled Gonzalez-Ramirez's virtues as a father. This exchange occurred:

5

| [Defense counsel]: | I am especially struck by the letter of Mr. Gonzalez-Ramirez's fiance, which is what she refers to herself as – |
| --- | --- |
| THE COURT: | Which by definition she is not because this man is married. |
| [Defense counsel]: | I understand, but when she called me and told me she was running late, she referred to fiance. She is his significant other for all purposes as this point. |

R. Vol. III at 42.

In Gonzalez-Ramirez's brief, he ascribes the sentence beginning "I am especially struck" to the district court, rather than to his own attorney.[1] Aplt. Br. at 6. Perhaps this oversight is the source of Gonzalez-Ramirez's belief that the court was "focused" on the couple's marital status. See id. at 5. In any event, we discern no evidence of bias on the part of the district court. The court's sentence was both well-reasoned and well-articulated, and the court treated the defendant fairly and politely throughout the proceedings.

---

[1] In Gonzalez-Ramirez's brief, the passage is quoted as follows:

| COURT: | I am especially struck by the letter of Mr. Gonzalez-Ramirez's fiancé, which is what she refers to herself as – |
| --- | --- |
| | Which by definition she is not because this man is married. |

Aplt. Br. at 6.

6

**III**

Gonzalez-Ramirez has not overcome the presumption that his within-Guidelines sentence is substantively reasonable. Therefore, we AFFIRM the sentence imposed by the district court.

Entered for the Court

Mary Beck Briscoe
Chief Judge

7